UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SIDNEI SILVA,<br><br>    Plaintiff,<br><br>v.<br><br>COBB COUNTY and CLINTON MONAHAN, in his individual and official capacities,<br><br>    Defendants. | Civil Action No. 1:16-cv-03201-MHC |

## PLAINTIFF'S INITIAL DISCLOSURES

(1)     State precisely the classification of the cause of action being filed, a brief factual outline of the case including what defendant did or failed to do, and a succinct statement of legal issues in the case.

This is a 42 U.S.C. § 1983 case. Officer Clinton Monahan illegally arrested Silva as is customary in Cobb County when citizens exercise their First Amendment rights. Silva was filming police conduct on public property with his cell phone when Officer Monahan slammed him to the pavement, took the phone, and then deleted the video. Silva was arrested and jailed. After he was released, all charges against him were dropped.

The issues in this case are as follows:

(a)     *Officer Monahan Violated Silva's First Amendment Rights by Stopping Him from Filming Police Conduct on Public Property*. Silva has

a First Amendment right to film police conduct on public property. While Silva was filming police conduct on public property with his cell phone, Officer Monahan took Silva's phone, slammed him to the ground, and deleted the video. Is Officer Monahan liable under § 1983 for violating Silva's First Amendment rights?

(b) *Officer Monahan Violated Silva's Fourth Amendment Rights by Searching His Phone Without a Warrant.* Silva has a Fourth Amendment right to be free of unreasonable searches and seizures. And when it comes to cell-phone searches, officers must get a warrant before searching the phone. Officer Monahan searched Silva's cell phone and deleted a video without a warrant. In Officer Monahan liable under § 1983 for violating Silva's Fourth Amendment rights?

(c) *Officer Monahan Violated Silva's Fourth Amendment Rights by Using Excessive Force.* Officer Monahan is liable for using excessive force when he arrested Silva if a reasonable officer would not have used the degree of force that Officer Monahan used. Silva was unarmed and had done nothing wrong when Officer Monahan slammed him to the ground and wrenched his hands behind his back. Is Officer Monahan liable under § 1983 for violating Silva's Fourth Amendment rights?

(d) *Officer Monahan Falsely Arrested and Maliciously Prosecuted Silva by Arresting Him Without Probable Cause.* Officer Monahan arrested Silva without probable cause and had him prosecuted. The Solicitor General dropped all charges against Silva. Is Officer Monahan liable for false arrest and malicious prosecution?

(e) *The County Is Liable Because Its Custom, Deliberate Indifference, or Both Caused Silva's Damages.* The County may be liable if its custom or its deliberate indifference to constitutional violations caused Silva's injuries. An anonymous spokesman for the County Police told a reporter that they "routinely" charge people with disorderly conduct for cursing in public. One County Commissioner even described police misconduct as "protocol and prevalent." Is the County liable under § 1983 for violating Silva's First and Fourth Amendment rights?

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

- U.S. Const. amend. I, IV.

- 42 U.S.C. §§ 1983, 1988, 1920.

- *Barnes v. Cobb Cnty.*, No. 1:14-cv-00948-TWT (N.D. Ga., Mar. 31, 2014).

- *Smith v. City of Cumming*, 212 F.3d 1332 (11th Cir. 2000).

- *Riley v. California*, 134 S. Ct. 2473 (2014).

- O.C.G.A. §§ 51-7-1–51-7-47, 51-12-5.1.

(3)  Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

See Attachment A.

(4)  Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

Silva has not decided whether to use an expert in this case. If he does decide to use an expert, he will update this disclosure as appropriate.

(5)  Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible items in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

See Attachment C.

(6)  In the spaced provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of

injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

| Damages | Amount |
|---|---|
| Medical Expenses | $28,193.22 |
| Legal Expenses from Criminal Case | $10,000 |

The injuries Silva sustained in his encounter with Officer Monahan and the County are on-going. He will supplement this disclosure with additional medical expenses as appropriate. See also Attachment D.

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

Silva is currently unaware of any insurance policy that may cover all or part of a judgment in this case.

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

Silva is currently unaware of anyone with a subrogation interest in his causes of action but will supplement this disclosure as appropriate.

Dated: December 2, 2016.   Respectfully submitted,

/s/ *Andre T. Tennille III*
Kenneth B. Hodges III
Georgia Bar No. 359155
Andre T. Tennille III
Georgia Bar No. 940510
KEN HODGES LAW
2719 Buford Highway, N.E.
Atlanta, Georgia 30324
(404) 692-0488
ken@kenhodgeslaw.com
dre@kenhodgeslaw.com

Gary W. Jones
Georgia Bar No. 400420
GARY W. JONES ATTORNEY AT LAW
145 Church Street
Marietta, Georgia 30060
(770) 423-1930
gwjones@yahoo.com

*Counsel for Plaintiff Sidnei Silva*

**Attachment A**
**Witness List**

- Sidnei Silva

- Clinton Monahan

- Amanda Smith

- Katie Sundseth

**Attachment C**
**Documents**

| Document | Description |
|---|---|
| Anthem BlueCross | Medical records and expenses |
| Physiotherapy Associates | Medical records and expenses |
| Quest Records | Medical expenses |
| HealthPort | Medical records and expenses |
| WellStar Kennestone Hospital | Medical records and expenses |
| Peachtree Orthopaedic Clinic | Medical records and expenses |
| Publix Pharmacy | Medical expenses |
| Peachtree Dunwoody Medical Center | Medical expenses |
| Reporting Officer Narrative | Cobb County Police report |
| Defendant's Information Sheet | Criminal case document; legal expenses |
| Cobb County Jail Personal Effects Receipt | Criminal case document |
| Cobb County Bail Bond | Criminal case document; legal expenses |
| State Court Cash Bond Receipt | Criminal case document; legal expenses |
| Marietta Wrecker Service | Miscellaneous expense |
| Cobb County Police Tow Impoundment Report | Criminal case document; miscellaneous expense |

| Document | Description |
|---|---|
| Cobb County Human Resources | Clinton Monahan personnel records |
| Correspondence with Deborah Dance | Notice of claim and settlement demand |

# Attachment D
# Special Damages

| Document | Description |
|---|---|
| Anthem BlueCross | Medical records and expenses |
| Physiotherapy Associates | Medical records and expenses |
| Quest Records | Medical expenses |
| HealthPort | Medical records and expenses |
| WellStar Kennestone Hospital | Medical records and expenses |
| Peachtree Orthopaedic Clinic | Medical records and expenses |
| Publix Pharmacy | Medical expenses |
| Peachtree Dunwoody Medical Center | Medical expenses |
| Defendant's Information Sheet | Criminal case document; legal expenses |
| Cobb County Bail Bond | Criminal case document; legal expenses |
| State Court Cash Bond Receipt | Criminal case document; legal expenses |
| Marietta Wrecker Service | Miscellaneous expense |
| Cobb County Police Tow Impoundment Report | Criminal case document; miscellaneous expense |

## **CERTIFICATE OF SERVICE**

Today, I filed Plaintiff's Initial Disclosures through the Court's CM/ECF system, which automatically serves all counsel of record.

Dated: December 2, 2016.    /s/ *Andre T. Tennille III*
Andre T. Tennille III
Georgia Bar No. 940510