UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SIDNEI SILVA**, <br><br> Plaintiff, <br><br> v. <br><br> **COBB COUNTY** and **CLINTON MONAHAN**, in his individual and official capacities, <br><br> Defendants. | Civil Action <br> No. 1:16-cv-03201-MHC |

### JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**Come Now,** Sidnei Silva, Plaintiff in the above-styled case, along with Defendants Cobb County, Georgia, and Clinton Monahan, and file this their Joint Preliminary Report and Discovery Plan, following the Rule 26(f) conference conducted in person on November 11, 2016, by the undersigned counsel for Plaintiff, Andre T. Tennille III, and the undersigned counsel for Defendants, William R. Turner.

**1. Description of Case:**

(a) Describe briefly the nature of this action.

This is a 42 U.S.C. § 1983 case brought by Sidnei Silva against Cobb County, Georgia, a political subdivision of the State of Georgia, and Cobb County Police Officer Clinton Monahan, involving alleged First and Fourth Amendment violations, as well as alleged violations of state law torts of false

imprisonment and false arrest. Plaintiff is also seeking punitive damages against Officer Monahan.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative or recite evidence.

**Plaintiff's Summary:**

Plaintiff Sidnei Silva was driving home when he noticed a woman texting and driving with kids in the car. Silva shook his head as he drove past the woman. She then followed him home a confronted him. Although she was parked behind him, she called the Cobb County Police, claiming that Silva had detained her against her will. Officer Clinton Monahan was dispatched to the scene. Silva was recording the incident with his cellphone when Officer Monahan pushed him to the ground, pulled his hands behind his back, took the phone, and deleted the video. Silva was arrested and jailed. Since then, all charges have been dropped against Silva.

**Defendants' Summary:**

On about April 12, 2015, Plaintiff Sidnei Silva alleges that he, while driving, observed a woman, later identified as Katie Sundseth, driving while texting with children in her car. He further alleges that he looked at Ms. Sundseth, shook his head, and then drove past her; at which time, Ms. Sundseth began to follow him. Ms. Sundseth, on the other hand alleges that Mr. Silva rolled his window down, made an obscene gesture towards her and began filming her. Ms. Sundseth then followed Mr. Silva, who parked on the street in front of his home. Ms. Sundseth parked behind him. Ms. Sundseth, during the course of following Mr. Silva and/or while in front of his home, called Cobb County 911 stating that she was being harassed, filmed and detained. Cobb Police Officers C. Monahan and A. Smith (who has since resign her position as a police officer) arrived at the scene shortly thereafter, where they observed Ms. Sundseth in her car, while Mr. Silva was filming her. It is disputed as to what exactly happened and when it happened at the scene, but Mr. Silva and Officer Monahan got into a struggle, Mr. Silva was taken to the ground, cuffed and arrested for obstruction. Later, on the way to the Cobb County Jail and while at the Jail, based on Officer Smith's further

investigation, Mr. Silva was charged only with obstruction. An Entry of Nolle Prosequi was entered on the obstruction charge on October 12, 2015.

> (c) The legal issues to be tried are as follows:
>
> - Whether Officer Monahan is liable under 42 U.S.C. § 1983 for violating Silva's First and/or Fourth Amendment rights.
>
> - Whether Officer Monahan is liable for false imprisonment and false arrest.
>
> - Whether Cobb County is liable for under 42 U.S.C. § 1983.

(d) There are no pending related cases or previously adjudicated related cases.

**2. This case is complex because it possesses one or more of the features listed below (please check):**

> \_\_\_\_\_ (1) Unusually large number of parties
> \_\_\_\_\_ (2) Unusually large number of claims or defenses
> \_\_\_\_\_ (3) Factual issues are exceptionally complex
> \_\_\_\_\_ (4) Greater than normal volume of evidence
> \_\_\_\_\_ (5) Extended discovery period is needed
> \_\_\_\_\_ (6) Problems locating or preserving evidence
> \_\_\_\_\_ (7) Pending parallel investigations or action by government
> \_\_\_\_\_ (8) Multiple use of experts
> \_\_\_\_\_ (9) Need for discovery outside United States boundaries
> \_\_\_\_\_ (10) Existence of highly technical issues and proof
> \_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

**3. Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

Plaintiff: Andre T. Tennille III and Kenneth B. Hodges III

Defendants: William R. Turner and Eddie Snelling

**4. Jurisdiction:**

There is no question about this Court's jurisdiction here.

**5. Parties to This Action:**

(a) There are currently no necessary parties who have not been joined.

(b) There are currently no improperly joined parties.

(c) There are currently no parties whose names are inaccurately stated or are missing necessary portions of their names.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) The parties do not anticipate that any amendments to the pleadings will be necessary.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7. Filing Times for Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

## 9. Request for Scheduling Conference:

The parties do not request a scheduling conference.

## 10. Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A,

responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Plaintiff may need discovery on Silva's arrest, the policy and procedures of Cobb County and Cobb County Police Department, and other similar incidents.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues please state those reasons in detail below:

Discovery should be conducted in two phases: fact discovery and expert discovery. Fact discovery (lay witness depositions, written discovery, and so on) should end on March 15, 2017. Expert depositions should be taken by April 15, 2017.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

No changes to the limitations on discovery under the Federal Rules of Civil Procedure or the Local Rules should be imposed.

(b) Is any party seeking discovery of electronically stored information?

　X　Yes　　　___ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have agreed to a date limitation of 2005 through 2017.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties have agreed to produce electronically stored information in PDF by disk.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

The parties do not think the Court should enter any other orders under Rule 26(f) or under Rule 16(b) and (c).

**13. Settlement Potential**:

(a) Lead Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on November 11, 2016, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): */s/ Andre T. Tennille III*

For defendant: Lead counsel (signature): */s/ William R. Turner*

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

> (_____) A possibility of settlement before discovery.
> (__X__) A possibility of settlement after discovery
> (_____) A possibility of settlement, but a conference with the judge is needed.
> (_____) No possibility of settlement.

(c) Counsel intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is February 16, 2017.

(d) The following specific problems have created a hindrance to settlement of this case.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

The parties do not consent to having this case tried before a magistrate judge of this Court.

This 14th day of December, 2016.

Respectfully submitted,

| */s/ Andre T. Tennille III* | /s/ *William R. Turner* |
|---|---|
| Kenneth B. Hodges III | William R. Turner |
| Georgia Bar No. 359155 | Georgia Bar No. 719929 |
| Andre T. Tennille III | Turner & Ross, LLC |
| Georgia Bar No. 940510 | 2265 Roswell Road, Suite 100 |
| Ken Hodges Law | Marietta, Georgia 30062 |
| 2719 Buford Highway, N.E. | (770) 509-9770 |

Atlanta, Georgia 30324  
(404) 692-0488  
(404) 321-1713 (fax)  
ken@kenhodgeslaw.com  
dre@kenhodgeslaw.com  
*Counsel for Plaintiff*

(770) 509-2243 (fax)  
RTurner@turnerross.com  
Eddie Snelling  
Senior Associate County Attorney  
Georgia Bar No. 664725  
100 Cherokee Street, Suite 350  
Marietta, Georgia 30090  
770-528-4000  
770-528-4010 (fax)  
Eddie.Snelling@cobbcounty.org  
*Counsel for Defendants*

## CERTIFICATE OF TYPE STYLE

This document was prepared using Times New Roman 14 point font.

This 14th day of November, 2016.

**TURNER & ROSS, LLC**

__/s/__William R. Turner__
William R. Turner
Georgia Bar Number 719929

Turner & Ross, LLC
2265 Roswell Road, Suite 100
Marietta, Georgia  30062
770-509-9770
770-509-2243 (Facsimile)
RTurner@turnerross.com

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **SIDNEI SILVA**, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION |
| | * | NO. 1:16-cv-03201- MHC |
| **COBB COUNTY** and **CLINTON** | * | |
| **MONAHAN**, in his Individual and | * | |
| Official capacities, | * | |
| | * | |
| Defendants. | | |

## CERTIFICATE OF SERVICE

It is hereby certified that I have this day electronically filed with the Clerk and served a true and correct copy of this Joint Preliminary Report and Discovery Plan by using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Kenneth B. Hodges III　　　　　Gary W. Jones
Andre T. Tennille III　　　　　　GARY W. JONES ATTORNEY
KEN HODGES LAW　　　　　　AT LAW
2719 Buford Highway, N.E.　　145 Church Street
Atlanta, Georgia 30324　　　　Marietta, Georgia 30060

This 14th day of December, 2016.

*[Signature on following page]*

**Attorneys for Defendants**

**TURNER & ROSS, LLC**

__/s/__William R. Turner__
William R. Turner
Georgia Bar Number 719929

Turner & Ross, LLC
2265 Roswell Road, Suite 100
Marietta, Georgia  30062
770-509-9770
770-509-2243 (Facsimile)
RTurner@turnerross.com

# SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

**IT IS SO ORDERED**, this _____ day of December, 2016.

_____
**MARK H. COHEN**
United States District Judge